Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Binh Nguyen,<br><br>Plaintiff,<br><br>vs.<br><br>CarMax Business Services, LLC, MVConnect, Inc. d/b/a MVTRAC, and A B Recovery,<br><br>Defendants. | Case No. 8:26-cv-00959-FWS-SSC<br><br>**COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiff Binh Nguyen ("Plaintiff") brings this action against Defendants CarMax Business Services, LLC ("CBS"), MVConnect, Inc. d/b/a MVTRAC ("MVC"), and A B Recovery ("ABR") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq*., Cal. Penal Code § 637.7, and Article 9 of Uniform Commercial Code, as enacted by the state of California, Cal. Com. Code § 9101 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff is a natural person that at all relevant times resided in Hesperia, California.

5. CBS is a Delaware limited liability company that regularly conducts business in California.

6. CBS, as part of its business, regularly purchases consumer paper in the form of automobile loans.

7. CBS is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

8. MVC is an Illinois corporation that regularly conducts business in California.

9. MVC is a repossession forwarding company.

10. MVC coordinates and facilitates the repossession and remarketing of collateral.

11. MVC derives the majority of its earnings from the coordination and facilitation of repossessions.

12. The majority of MVC's employees' time at work is devoted to the coordination and facilitation of repossessions or the remarketing of collateral vehicles.

13. At all relevant times, MVC was acting as a repossession forwarding company acting at the behest of CBS.

14. At all relevant times, MVC was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15. MVC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

16. MVC is a "debt collector" for purposes of 15 U.S.C. § 1692f(6).

17. MVC is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

18. ABR is a California corporation that regularly conducts business in California.

19. ABR is a repossession company.

20. ABR derives the majority of its earnings from the repossession of vehicles.

21. The majority of ABR's employees' time at work is devoted to the repossession collateral vehicles or the processing of repossessed vehicles.

22. ABR uses the telephone in the operation of its business.

23. ABR uses the internet in the operation of its business.

24. ABR uses highways in the operation of its business.

25. At all relevant times, ABR was acting as a repossession company acting at the behest of CBS and MVC.

26. At all relevant times, ABR was a person or entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests

27. ABR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

28. ABR is a "debt collector" for purposes of 15 U.S.C. § 1692f(6).

29. ABR is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

30. On or about July 5, 2025, Plaintiff purchased a 2016 Mercedes E350 (the "Vehicle") from non-party CarMax Auto Superstores, Inc.

31. In connection with the transaction, Plaintiff executed a loan agreement (the "Contract").

32. After the Contract was executed, it was assigned to CBS.

33. As part of the Contract, Plaintiff provided CBS a security interest in the Vehicle.

34. CBS is a "secured party" as defined by Cal. Com. Code § 9102(a)(73).

35. The Vehicle constitutes "collateral" as defined by Cal. Com. Code § 9102(a)(12).

36. Plaintiff purchased the Vehicle for personal, family, and household use.

37. The Vehicle constitutes "consumer goods" as defined by Cal. Com. Code § 9102(a)(23).

38. Thereafter, CBS engaged MVC to repossess the Vehicle.

39. MVC in turn hired ABR to perform the actual repossession

40. On or about December 12, 2025, Plaintiff was sitting in the Vehicle in his friend's driveway.

41. While Plaintiff was sitting in the Vehicle, ABR collided with the Vehicle and lifted it.

42. Plaintiff protested the repossession.

43. Instead of immediately ceasing the repossession and leaving the scene, ABR's employee placed an electronic tracking device on Plaintiff's vehicle.

44. The tracking device is an "electronic tracking device" as defined by Cal. Penal Code § 637.7(d).

45. Upon information and belief, ABR used the electronic tracking device to determine the location or movement of Plaintiff so that ABR could continue to attempt to repossess the Vehicle.

46. ABR then departed the scene.

47. Following the incident, Plaintiff cured all alleged defaults and is currently in full compliance with his agreement with CBS.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692f(6)(A)**
**MVC AND ABR**

48. Plaintiff repeats and re-alleges each factual allegation above.

49. In California, secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Cal. Com. Code § 9609(b)(2)

50. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession.

51. A repossession agent breaches the peace if he uses force on the body of a consumer by lifting a vehicle while it is occupied. *See Shue v. Jmac Distribution, LLC*, 745 F. Supp. 3d 3 (D. Mass. 2024) ("hooking the BMW to the tow truck and proceeding to lift it up, with Shue in the car, more than adequately denote such a breach for present purposes"); *Hansen v. Santander Bank, N.A.*, No. 22-cv-3048 (SRN/TNL), 2023 U.S. Dist. LEXIS 150926, at *15 (D. Minn. Aug. 28, 2023) (collecting cases); *Nieves v. Able Auto Adjusters*, No. CV-18-8262 (AGRx), 2019 U.S. Dist. LEXIS 239628, 2019 WL 13043035, at *1 (C.D. Cal. Mar. 12, 2019) (attempting to repossess a car while an occupant is known to be in it a breach of the peace); *Sinegal v. Big Horn Auto Sales, Inc.*, CIVIL ACTION No. H-21-3102, 2022

U.S. Dist. LEXIS 46409, 2022 WL 799908, at *3 (S.D. Tex. Mar. 16, 2022) (breach of peace where the tow truck crashed into the plaintiff's vehicle and then lifted it while it was occupied by two people) *Thomas v. GM Fin. Co.*, No. 5:19-CV-1418-DAE, 2020 U.S. Dist. LEXIS 251551, at *12 (W.D. Tex. Mar. 18, 2020) (noting that moving a vehicle while it is occupied sufficiently pleads breach of the peace); *Smith v. AFS Acceptance, LLC*, No. 11 C 5340, 2012 U.S. Dist. LEXIS 75976, at *9 (N.D. Ill. June 1, 2012) (pleading that repossession agent lifted and moved occupied vehicle stated claim for breach of the peace).

52. By colliding with and lifting the Vehicle while Plaintiff occupied it, ABR used force on the body of Plaintiff and breached the peace.

53. A repossession agent breaches the peace if he continues with a repossession over a consumer’s protest.

54. By attaching the tracker to the Vehicle, ABR continued its attempted repossession over Plaintiff’s protests and thereby breached the peace.

55. California law outlaws the use of tracking devices. *See* Cal. Pen. Code § 637.7(a).

56. The illegal use of a tracking device is a serious violation and grounds for revocation of a repossession agency’s license. *See* Cal. Pen. Code § 637.7(f).

57. By illegally placing a tracking device on Plaintiff’s Vehicle, ABR breached the peace.

58. A repossession agent's breach of the peace negates a right to possession.

59. Because ABR breached the peace, it had no right to possession of the Vehicle.

60. ABR violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession, or no right to possession of the property existed.

61. MVC, as the debt collector that hired ABR, is liable for ABR's FDCPA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ABR violated 15 U.S.C. § 1692f(6)(A);

b) Adjudging that MVC, as the debt collector that hired ABR, is liable for ABR's FDCPA violation;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF CAL. COM. CODE § 9609(b)(2)**
**CBS**

62. Plaintiff repeats and re-alleges each factual allegation contained above.

63. The official comments to the California Commercial Code provide:

> In considering whether a secured party has engaged in a breach of the peace, however, courts should hold the secured party responsible for the actions of others taken on the secured party' behalf, including independent contractors engaged by the secured party to take possession of collateral.

Cal. Com. Code § 9609(b)(2) at Official Comment 3.

64. CBS's repossession agents breached the peace during the repossession by using force on the body of Plaintiff, continuing the repossession despite Plaintiff's protest, and by illegally placing a tracking device the Vehicle.

65. CBS violated Cal. Com. Code § 9102(b)(2) when the peace was breached during its repossession.

66. Under California law, a secured creditor is barred from collecting a deficiency if it violates Article 9 of the UCC. *See* Cal Civ Code § 2983.8(b).

67. Under the California UCC, a secured party is barred from collecting a deficiency if the collection of the account or enforcement of the security interest are not commercially reasonable. Cal. Com. Code § 9626(b)(2).

68. Because CBS's repossession agent, ABR, breached the peace in and violated the California penal code during the attempted repossession, it was undertaken in violation of Article 9 of the UCC.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CBS violated Cal. Com. Code § 9102(b)(2);

b) Awarding Plaintiff damages, pursuant to Cal. Com. Code § 9625;

c) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

d) Awarding such other and further relief as the Court may deem proper.

**COUNT III**
**VIOLATION OF CAL. CIV. CODE § 1788.10(a)**
**ALL DEFENDANTS**

69. Plaintiff repeats and re-allege each factual allegation contained above.

70. ABR violated Cal. Civ. Code § 1788.10(a) by using physical force, violence, or any criminal means to cause harm to Plaintiff or Plaintiff's property.

71. MVC, as the debt collector that hired ABR, is liable for ABR's RFDCPA violation.

72. CBS, as the debt collector who hired MVC and ABR, is liable for ABR's violation of the RFDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ABR violated Cal. Civ. Code § 1788.10(a);

b) Adjudging that MVC, as the debt collector that hired ABR, is liable for ABR's violation of the RFDCPA;

c) Adjudging that CBS, as the debt collector that hired MVC and ABR, is liable for ABR's violation of the RFDCPA;

d) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30, in the amount of $1,000.00;

e) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF CAL. CIV. CODE § 1788.17
## ALL DEFENDANTS

73. Plaintiff repeats and re-allege each factual allegation contained above.

74. ABR violated 15 U.S.C. §§ 1692e(5) and f(6).

75. By violating 15 U.S.C. §§ 1692e(5) and f(6), ABR violated Cal. Civ. Code § 1788.17.

76. MVC, as the debt collector that hired ABR, is liable for ABR's RFDCPA violation.

77. CBS, as the debt collector who hired MVC and ABR, is liable for ABR's violation of the RFDCPA.

78. CBS violated Cal. Com. Code § 9102(b)(2) when the peace was breached during its repossession.

79. By violating Cal. Com. Code § 9102(b)(2), CBS violated 15 U.S.C. § 1692e(5).

80. By attempting to take possession of the Vehicle after the peace was breached, CBS violated 15 U.S.C. §§ 1692e(5) and f(6).

81. By violating 15 U.S.C. §§ 1692e(5) and f(6), CBS violated Cal. Civ. Code § 1788.17.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CBS and ABR violated Cal. Civ. Code § 1788.17;

b) Adjudging that MVC, as the debt collector that hired ABR, is liable for ABR's violation of the RFDCPA;

c) Adjudging that CBS, as the debt collector that hired MVC and ABR, is liable for ABR's violation of the RFDCPA;

d) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.17, in the amount of $1,000.00 per Defendant;

e) Awarding Plaintiff statutory damages, pursuant to Cal. Civ. Code § 1788.30, in the amount of $1,000.00 per Defendant;

f) Awarding Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

g) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Cal. Civ. Code § 1788.30(c);

h) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

i) Awarding such other and further relief as the Court may deem proper.

**COUNT V**
**VIOLATION OF CAL. PENAL CODE § 637.7**
**ALL DEFENDANTS**

82. Plaintiff repeats and re-allege each factual allegation contained above.

83. ABR violated Cal. Penal Code § 637.7(a) by using an electronic tracking device to determine Plaintiff's location or movement.

84. MVC, as the debt collector and person who hired ABR, is liable for ABR's violation of Cal. Penal Code § 637.7(a).

85. CBS, as the secured party, debt collector, and person who hired MVC and ABR, is liable for ABR's violation of Cal. Penal Code § 637.7(a).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that ABR violated Cal. Penal Code § 637.7(a);

b) Adjudging that MVC, as the debt collector and person who hired ABR, is liable for ABR's violation of Cal. Penal Code § 637.7(a);

c) Adjudging that CBS, as the secured party, debt collector, and person who hired MVC and ABR, is liable for ABR's violation of Cal. Penal Code § 637.7(a);

d) Awarding Plaintiff the greater of $5,000.00 or three times the amount of actual damages sustained by Plaintiff, pursuant to Cal. Penal Code § 637.2(a);

e) Entering an order enjoining Defendants from using an electronic tracking device to determine Plaintiff's location or movement, pursuant to Cal. Penal Code § 637.2(b);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

86. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: May 29, 2026

Respectfully submitted,

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all attorneys of record.

s/ Russell S. Thompson, IV
Russell S. Thompson, IV